IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CANON INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO.: |
| v. | ) | 1:11-cv-03855-AT-JSA |
| | ) | |
| COLOR IMAGING, INC. and | ) | |
| GENERAL PLASTIC INDUSTRIAL | ) | |
| CO., LTD., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' OBJECTIONS AND MOTION TO MODIFY
SPECIAL MASTER'S REPORT AND
RECOMMENDATIONS:  DEFENDANTS'
CONSOLIDATED MOTION FOR SUMMARY JUDGMENT**

Pursuant to Fed. R. Civ. P. 53(f) and this Court's Order of September 28,

2015, Defendants Color Imaging, Inc. ("Color Imaging") and General Plastic

Industrial Co., Ltd. ("GPI") (Color Imaging and GPI are collectively referred to

herein as "Defendants") file this their objections and motion to modify the Special

Master's Report and Recommendations:  Defendants' Consolidated Motion for

Summary Judgment (the "Defenses R&R"), showing this Court as follows.

# TABLE OF CONTENTS

Table of Authorities ................................................................................................ ii

Executive Summary ..............................................................................................1

Points and Authorities.........................................................................................3

    I.     Legal Standard ..............................................................................3

        A.  The Defenses R&R Is Reviewed De Novo ...............................................3

        B.  Summary Judgment Standard of Review ....................................................4

        C.  Formal Objections To The Special Master's Report Are Not Expressly Required By The Rule .....................................................................................4

    II.    Objections to the Defenses R&R............................................................6

        A.  The Defenses R&R Improperly Finds No Implied License As A Matter Of Law. .......................................................................................................6

        B.  The Defenses R&R's Conclusion That Notice To An Unrelated Third Party Satisfies 35 U.S.C. §287(a) Is Flawed. .............................................8

Conclusion .........................................................................................................14

# TABLE OF AUTHORITIES

**Cases**

*Allen v. Tyson Foods*, 121 F.3d 642 (11th Cir. 1997) ...............................................4

*Amer. Med. Sys., Inc. v. Med. Eng'g Corp.*, 6 F.3d 1523 (Fed. Cir. 1993) ...... 10, 11

*Amsted Indus., Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178 (Fed. Cir. 1994) 10, 11

*Anderson v. Liberty Lobby*, 477 U.S. 242 (1986)......................................................4

*Bandag, Inc. v. Al Bolser's Tire Stores, Inc.*, 750 F.2d 903 (Fed. Cir. 1984)...........7

*Bingham Pump Co. v. Edwards*, 118 F.2d 338 (9th Cir. 1941)................................5

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) .......................................................4

*Coca-Cola Co. v. Pepsico, Inc.*, No. 102-CV-2887, 2004 WL 4910334 (N.D. Ga. Sept. 29, 2004) ................................................................................... 12, 13

*DeForest Radio Tele. Co. v. United States*, 273 U.S. 236 (1927)............................8

*Dunlap v. Schofield*, 152 U.S. 244 (1894).......................................................... 10, 11

*Gart v. Logitech, Inc.*, 254 F.3d 1334 (Fed. Cir. 2001)..................................... 10, 11

*Glass Equipment Development, Inc. v. Besten, Inc.*, 174 F.3d 1337 (Fed. Cir. 1999) ...................................................................................................................7

*Henry Hanger and Display Fixture Corp. of Am. v. Sel-O-Rak Corp.*, 270 F.2d 635 (5th Cir. 1959)...............................................................................................5

*Hockerson-Halberstadt, Inc. v. JSP Footwear, Inc.*, Nos. 03-1383, 03-1412, 2004 WL 1491647 (Fed. Cir. June 23, 2004) ....................................................... 11, 12

*In re Portland Elec. Power Co.*, 97 F. Supp. 918 (D. Ore. 1948) .............................6

*Jacobs v. Nintendo of America, Inc.*, 370 F.3d 1097 (Fed. Cir. 2004)......................8

*Lans v. Digital Equip. Corp.*, 252 F.3d 1320 (Fed. Cir. 2001)......................... 10, 11

*Livas v. Teledyne Movible Offshore, Inc.*, 607 F.2d 118 (5th Cir. 1979) .................5

*New Medium v. Barco*, No. 05 C 5620, 2007 WL 2403208 (N.D. Ill. Aug. 15, 2007) ...............................................................................................................12

*Seiko Epson Corp. v. Nu-Kote Int'l Inc.*, 190 F.3d 1360 (Fed. Cir. 1999)................5

*Shima v. Brown*, 133 F.2d 48 (D.C. Cir. 1943), *cert. denied*, 318 U.S. 787 (1943) .5

*SRI Int'l, Inc. v. Advance Tech. Labs., Inc.*, 127 F.3d 1462 (Fed. Cir. 1997) .. 10, 11

*U.S. v. 1,674.34 Acres of Land, More or Less, in Benton County, Arkansas*, 220 F. Supp. 893 (W.D. Ark. 1963).........................................................................5

**Statutes**

35 U.S.C. §287 (2014) ................................................................................. passim

**Rules**

FED R. CIV. P. 56 ................................................................................................4
FED. R. CIV. P. 52 ..............................................................................................5
FED. R. CIV. P. 53 ..........................................................................................3, 4

**Treatises**

9 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND
    PROCEDURE, § 2612 ...................................................................................5

## EXECUTIVE SUMMARY

As this Court is aware, this action relates to assertions of infringement against Defendants of U.S. Pat. No. 6,747,012 (the "'012 Patent") by Canon Inc. ("Canon").  Defendants filed their Consolidated Motion for Summary Judgment (the "Defenses Motion"), seeking judgment as a matter of law on five distinct issues:

1. Canon's infringement claims are barred by Defendants' affirmative defenses of exhaustion, implied license, and repair;

2. Canon has not shown direct infringement by third party end-users to establish indirect infringement by Defendants;

3. Canon has not shown direct infringement by GPI or any damages therefrom;

4. Damages for Canon's claims of infringement of certain GPI products, referred to as the "Part A" toner bottles, are barred under 35 U.S.C. §287 (2014), since GPI ceased sales of these bottles prior to the initiation of this action; and

5. Canon's damages expert may not rely upon the entire market value of filled toner bottles in calculating a reasonable royalty.

The Defenses R&R denies the Motion with respect to Defendants'

affirmative defense of exhaustion and repair, direct infringement by GPI, damages

for sales of the Part A toner bottles, and the expert's calculation of his reasonable

royalty—finding, *inter alia*, that genuine issues of material fact prevented entry of

summary judgment.  The Defenses R&R commits several fundamental errors,

which require this Court's to modify the Defenses R&R before adoption or,

alternatively, resubmit the issues to the Special Master with instructions.

As an initial matter, the Defenses R&R commits legal error in finding that

the affirmative defense of implied license differs in a very material respect from

the affirmative defense of exhaustion, stating that the former only requires proof of

a non-infringing substitute, rather than proof of a "reasonable" non-infringing

substitute as required in the latter.  Based upon this misapprehension, the Defenses

R&R invites the Court to enter judgment against Defendants on their affirmative

defense of implied license. It appears that the Defenses R&R's statement is based

upon a misreading of applicable authority that clearly states, as with exhaustion,

implied license requires a showing of no **reasonable** non-infringing alternatives.

Given this, the Defenses R&R should be modified to state that genuine issues of

material fact prevent entry of summary judgment in favor of Defendants and that

implied license, like exhaustion, remains an issue for the ultimate fact finder.

The Defenses R&R further errs in finding—against an overwhelming weight

of authority to the contrary—that filing suit against an unrelated, third party customer of GPI and that customers' subsequent notification of GPI regarding that suit, satisfied the notice requirements of 35 U.S.C. §287(a). It is not disputed that the complaint against this unrelated customer only applied to a limited subset of the Part A toner bottles. The Defenses R&R overlooks this issue, improperly finding that the complaint provided notice compliant with §287 for all Part A toner bottles.

In any event, the Defenses R&R errs in finding that the unrelated, third party's sending of the Complaint to GPI satisfies §287 with respect to the Part A toner bottles identified in the earlier complaint. It is well-settled that notice under §287 must be an affirmative act **on the part of the patentee** which informs the defendant of his infringement. It is undisputed that Canon did not undertake any affirmative act to inform GPI of Canon's infringement claims prior to its filing this action.

## POINTS AND AUTHORITIES

### I. Legal Standard

#### A. The Defenses R&R Is Reviewed De Novo

The Court reviews the Special Master's recommendations as to both findings of fact and legal conclusions *de novo*. FED. R. CIV. P. 53(f)(3)-(4). The

Court may adopt or modify, wholly or partly reject or reverse, or receive further evidence and resubmit to the Special Master with instructions. FED. R. CIV. P. 53(f)(1). Furthermore, the Court is required to afford the parties an opportunity to be heard when deciding whether to act on a Special Master's report and recommendation. FED. R. CIV. P. 53(b)(1) .

### B. Summary Judgment Standard of Review

Summary judgment is only proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); FED. R. CIV. P. 56.  An issue is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party. *Allen v. Tyson Foods*, 121 F.3d 642, 646 (11th Cir. 1997). A fact is "material" if it hinges on the substantive law at issue and it might affect the outcome of the nonmoving party's claim. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

### C. Formal Objections To The Special Master's Report Are Not Expressly Required By The Rule

Federal courts construing Fed. R. Civ. P. 53(e) generally hold it unnecessary to make objections to a special master's report. *Henry Hanger and Display Fixture*

*Corp. of Am. v. Sel-O-Rak Corp.*, 270 F.2d 635 (5th Cir. 1959); *Shima v. Brown*, 133 F.2d 48, 49 (D.C. Cir. 1943), *cert. denied*, 318 U.S. 787 (1943). Formal objections to the Special Master's Report are not expressly required by Rule 53. *See* 9 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE, § 2612. *See also Seiko Epson Corp. v. Nu-Kote Int'l Inc.*, 190 F.3d 1360 (Fed. Cir. 1999) (despite lack of written objection, appellate court considered defendant's contention that master's report was not relevant); *Livas v. Teledyne Movible Offshore, Inc.*, 607 F.2d 118 (5th Cir. 1979) (failure to object to findings of magistrate no bar to raising independent obligation of district court to determine that master's findings were not clearly erroneous); *Bingham Pump Co. v. Edwards*, 118 F.2d 338, 340 (9th Cir. 1941) ("pursuant to Federal Rules of Civil Procedure, Rule 52(b), 28 U.S.C.A. following section 723c, 'the question of the sufficiency of the evidence to support the findings may thereafter be raised whether or not the party raising the question has made in the district court an objection to such findings'.") (now FED. R. CIV. P. 52 (a)(5)); *U.S. v. 1,674.34 Acres of Land, More or Less, in Benton County, Arkansas*, 220 F. Supp. 893, 894 (W.D. Ark. 1963) ("the court has the power, if it be deemed necessary and of vital importance in the interest of substantial justice, to modify a Master's report in any particular [way] in which such modification might be required without any exceptions having been

filed thereto"); *In re Portland Elec. Power Co.*, 97 F. Supp. 918 (D. Ore. 1948) (same). As such, Defendants reserve their right to appeal the Defenses R&R on all grounds.

## II.    Objections to the Defenses R&R

The Defenses R&R errs in several fundamental respects.  In particular, the Defenses R&R errs in finding, as a matter of law, that:

- A non-infringing alternative need not be "reasonable" to defeat an implied license defense.

- Notice delivered by a third party to GPI of Canon's claims relating to the '012 Patent constitutes the requisite notice under 35 U.S.C. §287(a).

Any one of these errors is sufficient for this Court to either modify the Defenses R&R or resubmit the issues to the Special Master with instructions.

### A. The Defenses R&R Improperly Finds No Implied License As A Matter Of Law.

The Defense R&R states that "the *Anton/Bauer* case does not clearly require that the alternative use be a reasonable one…" in analyzing whether a defendant can establish an implied license. [Dkt. #371, p. 87].  Continuing, the Defense R&R states that utilizing the claimed copier with a toner bottle manufactured by Katun

Corporation constitutes a non-infringing use, without regard to whether such use is a "reasonable" use, that is sufficient to overcome the Defendants' implied license defense as a matter of law, citing *Bandag, Inc. v. Al Bolser's Tire Stores, Inc.*, 750 F.2d 903, 924 (Fed. Cir. 1984). [Dkt. #371, p. 87]. The Defense R&R's understanding of *Bandag* is simply mistaken.

> As the Federal Circuit explained in a subsequent case,
>
> In *Bandag*, we reviewed the district court's judgment to determine whether any of the potential noninfringing uses of the patented method **were reasonable**. *See Bandag*, 750 F.2d at 925, 223 USPQ at 998 (reversing holding that infringement defendant had implied license to practice claimed invention).
>
> …
>
> In *Bandag*, we held that a legally acceptable noninfringing use need not be as profitable as the patented method—**it need only be reasonable.**

*Glass Equipment Development, Inc. v. Besten, Inc.*, 174 F.3d 1337, 1342 (Fed. Cir. 1999) (emphasis added). Accordingly, the Defenses R&R errs and the reasonableness of the non-infringing alternative—like in exhaustion—must be analyzed in evaluating the grant of an implied license.

The Defense R&R further errs in its determination finding that Canon is entitled to judgment as a matter of law on Defendants' implied license defense in improperly resolving the question of fact regarding the scope of the disclosures in Canon's manual. The Defense R&R identifies certain drawings relied upon by

Defendants; however, the drawings are not the sole disclosures. Rather, Defendants rely upon the instructions in Canon's manuals, [Dkt. #322-9, at p. CAN 00731430-46] and other instructions identified in ¶¶73-81 of Dr. Springett's expert report on non-infringement, [Dkt. #322-10, pp. 30-33]. These excerpts provide clear instructions regarding replacing toner bottle practices that, at a minimum, create a genuine issue of material fact regarding Defendants' implied license defense.

The Defenses R&R also misapprehends Defendants' reliance upon *Jacobs v. Nintendo of America, Inc.*, 370 F.3d 1097 (Fed. Cir. 2004). In *Jacobs*, the Federal Circuit found that an implied license had been granted to the defendant, based upon the language of the patent owner's upstream license to the defendant's supplier. *Id.* at 1101. Likewise, as noted above, the language in the Canon manuals creates, at a minimum, issues of fact regarding the existence of:

> "[a]ny language used by the owner of the patent, or any conduct on his part exhibited to another from which that other may properly infer that the owner consents to the use of his patent in making or using it, or selling it, upon which the other acts, [that] constitutes a license in a defense to an action for a tort."

*DeForest Radio Tele. Co. v. United States*, 273 U.S. 236, 241 (1927).

### B. The Defenses R&R's Conclusion That Notice To An Unrelated Third Party Satisfies 35 U.S.C. §287(a) Is Flawed.

The Defenses R&R finds—as a matter of law—that Canon's filing of a suit

against an unrelated third party customer of GPI, who then forwarded that complaint to GPI, satisfies the notice requirements of 35 U.S.C. § 287. This determination is legally flawed.

First, it is undisputed that Canon's complaint served upon GPI's mere customer, Densigraphix, only identified a subset of the Part A aftermarket toner bottles. [Dkt. #371, at p. 111 ("the Densigraphix complaint included *some of the same Part A GPI products* that are the subject of the present lawsuit") (emphasis added)]. Nonetheless, the Defenses R&R improperly fails to grant Defendants' Motion for Summary Judgment with respect to those products not identified in Canon's complaint against Densigraphix.

Further, it is undisputed that GPI's sales of the Part A aftermarket toner bottles ended by June 2011, significantly prior to any constructive notice through marking or actual notice of infringement delivered to GPI by Canon. In an effort to avoid the loss of potential damages through its own failings, Canon asserts that its filing of a complaint against an unrelated, third party customer of GPI constitutes actual notice of infringement. This assertion fails to meet the requirements of §287(a).

The Federal Circuit has held that "[t]he correct approach to determining notice under §287 must focus on the action of the patentee, not the knowledge or

understanding of the infringer," and adopted the Supreme Court's interpretation of the predecessor statute to §287 "that notice must be an affirmative act on the part of the patentee which informs the defendant of his infringement." *Amsted Indus., Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994) (citing *Dunlap v. Schofield*, 152 U.S. 244, 247-48 (1894)). *See also Gart v. Logitech, Inc.*, 254 F.3d 1334, 1345 (Fed. Cir. 2001) ("[T]he amount of damages the patentee can recover in an infringement suit is statutorily limited to those acts of infringement that occurred ***after the patentee gave the alleged infringer 'notice of infringement*.'") (emphasis added); *Lans v. Digital Equip. Corp.*, 252 F.3d 1320, 1327-28 (Fed. Cir. 2001) (patentee, not third party, must notify alleged infringer); *SRI Int'l, Inc. v. Advance Tech. Labs., Inc.*, 127 F.3d 1462, 1470 (Fed. Cir. 1997); *Amer. Med. Sys., Inc. v. Med. Eng'g Corp.*, 6 F.3d 1523, 1537 n.18 (Fed. Cir. 1993) ("The notice of infringement must therefore come from the patentee, not the infringer.") (emphasis added).

Here, it is not disputed that Canon failed take any affirmative act to charge GPI with infringing the '012 Patent until after GPI discontinued sales of the Part A accused products.

Nevertheless and against this overwhelming weight of authority to the contrary, the Defenses R&R finds that an unrelated third party customer of GPI's

notification to GPI of an earlier action satisfies §287(a), relying exclusively on an unpublished decision by the Federal Circuit, *Hockerson-Halberstadt, Inc. v. JSP Footwear, Inc.*, Nos. 03-1383, 03-1412, 2004 WL 1491647 (Fed. Cir. June 23, 2004).  In *Hockerson*, the Federal Circuit found, on unique facts, that a patentee's notice to an affiliate of a licensor could be imputed to a licensee who manufactured the infringing product. *Hockerson* is at odds with the Supreme Court's decision in *Dunlap* and the Federal Circuit's published holdings in *Gart*, *Lans*, *SRI Int'l*, *Amsted Indus.*, and *Amer. Med. Sys., Inc.* that require the patentee to notify the alleged infringer.

Hockerson* also involved unique facts that are distinguishable from this case. In *Hockerson*, the patentee believed footwear bearing the FUBU trademark might infringe its patent and notified the owner of the FUBU trademark, GTFM. *Id.* at *1. GTFM licensed the FUBU mark to JSP, but the licensing agreement permitted GTFM to veto JSP's designs, such that "[i]n other words, JSP could not manufacture any shoes without GTFM's approval." *Id.* The Court concluded that the patentee's notice to the apparent infringer, GTFM, could be imputed to JSP due to their "close association" because otherwise, "[s]everal layers of corporate disguise could successfully frustrate adequate notice." *Id.* at *3-4.

As an initial matter, *Hockerson*'s concerns about frustrating adequate notice

11

are misplaced—the patentee can always avoid the issue by marking his products in compliance with §287.  In any event, the rationale behind *Hockerson* does not apply here. Canon has not shown – and cannot show – a similar "close association" between GPI and its mere customer.  Accordingly, Canon's lawsuit against an unrelated party is insufficient notice to GPI. *See Coca-Cola Co. v. Pepsico, Inc.*, No. 102-CV-2887, 2004 WL 4910334, at *31-32 (N.D. Ga. Sept. 29, 2004); *New Medium v. Barco*, No. 05 C 5620, 2007 WL 2403208, at *4 (N.D. Ill. Aug. 15, 2007) ("Filing a complaint against unrelated parties, regardless of whether it relates to the same or similar products relevant to the claims of infringement against [defendant], does not provide actual notice of infringement to [defendant]."

The *Pepsico* case is particularly instructive.  In *Pepsico*, the plaintiff relied upon communications between it and an officer of the Rapak defendants regarding one of the patents-in-suit to satisfy the notice requirement under §287 to both the Rapak Defendants and Pepsico, claiming that the Rapak employee must have been acting as an agent Pepsico in his receipt of the information since the Rapak employee subsequently notified Pepsico of the plaintiff's claims.   2004 WL 4910334 *31-32.  Pepsico responded that plaintiff's actions failed to comply with §287's notice requirement and that actual notice to the alleged infringer must

12

occur.[1]  2004 WL 4910334 *31.

This Court awarded summary judgment as to prefiling damages to defendants, explaining that, notwithstanding Rapak's actual notification to Pepsico,

> Were such evidence deemed sufficient to create a genuine issue of material fact regarding Rapak's "agency," the well-settled rule that the patentee must itself relate 'actual notice' to the infringer would cease to have any practical meaning.

2014 WL 4910334 *32.

Given the foregoing, the Defenses R&R errs in finding that Canon's damages claims for GPI's Type A products that were distributed prior to the filing of this action are not barred by §287 and Defendants are entitled to summary judgment on this issue.

---

[1]   Although by not the same attorneys as in the present action, it is interesting that Pepsico—the party who successfully established that notice to an unrelated third party failed to satisfy §287—was represented by Fitzpatrick, Cella, Harper & Scinto—counsel for Canon in this action.

## CONCLUSION

Based upon the foregoing, this Court should either modify the Defenses R&R or resubmit it with instructions to the Special Master to correct the above-identified errors.

October 16, 2015                          Respectfully submitted,

                                          **LOCKE LORD LLP**


                                          /s/ Bryan G. Harrison

                                          Bryan G. Harrison

                                          Terminus 2, Suite 1200
                                          3333 Piedmont Road NE
                                          Atlanta, GA 30305
                                          bryan.harrison@lockelord.com
                                          Tel:  (404) 870-4600
                                          Fax:  (404) 872-5547

                                          Attorneys for Defendants
                                          General Plastic Industrial Co., Ltd. and
                                          Color Imaging, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CANON INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO.: |
| v. | ) | 1:11-cv-03855-AT-JSA |
| | ) | |
| COLOR IMAGING, INC. and | ) | |
| GENERAL PLASTIC INDUSTRIAL | ) | |
| CO., LTD., | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2015, I caused a copy of the within and foregoing DEFENDANTS' OBJECTIONS AND MOTION TO MODIFY SPECIAL MASTER'S REPORT AND RECOMMENDATIONS: DEFENDANTS' CONSOLIDATED MOTION FOR SUMMARY JUDGMENT to be electronically filed with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to all counsel of record in this action.

/s/ Bryan G. Harrison

Bryan G. Harrison